IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ALLAN HOFF, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-12-364-D |
| v. | ) |
| | ) |
| JUSTIN JONES[1], Director, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Forcible Sodomy entered against him in the District Court of Garfield County, Case No. CF-2010-272, following his plea of *nolo contendere*. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed without prejudice for failure to exhaust state court remedies.

---

[1]Because Petitioner is incarcerated in a private prison in the State of Oklahoma serving a state sentence, the only proper Respondent is Justin Jones, Director of the Oklahoma Department of Corrections. The other Respondents named in the Petition are *sua sponte* dismissed as improperly-named Respondents. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

1

Background

According to the Petition and documentary evidence attached to the Petition, Petitioner appeared in the District Court of Garfield County, Oklahoma, with his defense attorney on March 4, 2011, and entered a negotiated plea of no contest to the charge of Forcible Sodomy in Case No. CF-2010-272. Two other charges of Lewd Molestation and Rape in the Second Degree were dismissed by the prosecution in return for Petitioner's plea. Consistent with his plea agreement with the prosecution, Petitioner was sentenced on the same date to a 15-year term of imprisonment for his conviction. Petitioner subsequently moved to withdraw the plea. A hearing was conducted on the motion on March 18, 2011. Petitioner appeared at the hearing with his defense attorney and testified. At the conclusion of the hearing the state district court denied the motion. Petitioner sought a certiorari appeal of the conviction before the Oklahoma Court of Criminal Appeals ("OCCA"), and the conviction and sentence were affirmed by the OCCA in a summary decision entered March 12, 2012.

Petitioner asserts four grounds for habeas relief. In ground one, he alleges "Factual Innocence" based on his assertion that there are witnesses who would testify the victim was intoxicated at the time of the offense and there was no DNA testing or other evidence to show he was guilty of the offense. Petitioner admits that he did not raise this claim in his certiorari appeal. He asserts that his appellate attorney provided ineffective assistance of counsel by refusing to raise this claim.

In ground two, Petitioner asserts that he was denied effective assistance of counsel

2

because his defense counsel failed to investigate witnesses who "would have proved [his] innocence," his defense attorney represented him at the motion-to-withdraw hearing even though "part of [his] reason for withdrawing plea was ineffective assistance of counsel," and he "was not clearly sentenced." Petition, at 7-8. Petitioner states that he raised this claim in his certiorari appeal.

In ground three, Petitioner asserts that he was denied Due Process because he was "not clearly advised" of his right to appeal by the presiding judge where the judge merely informed Petitioner that his "appeal rights . . . are set out on page nine of this packet of forms" and did not "specify exactly how to appeal." Petition, at 9. Petitioner admits he did not raise this claim in his certiorari appeal and asserts that his appellate counsel provided ineffective assistance by failing to raise this claim.

In ground four, Petitioner asserts that he was denied his right to effective assistance of appellate counsel because his appellate counsel did not raise "any issues herein" and the "attached letters from her clearly show she had less care in my case than other peoples [sic] cases." Petition, at 11. Petitioner admits he has not raised this claim in the state courts.

In attachments filed with the Petition, Petitioner has provided copies of the OCCA's Summary Opinion Denying Certiorari entered in Joseph Allan Hoff v. The State of Oklahoma, Case No. C-2011-196 (Okla. Crim. App. Mar. 12, 2012). Petition, att. 1, at 16-21. In this decision, the OCCA found that Petitioner entered a no-contest plea to the offense of Forcible Sodomy and that he subsequently moved to withdraw the plea on the ground that the "plea was entered improvidently through ignorance and the Defendant believes he has

a viable defense to the charges." Petition, att. 1, at 16. The court noted that Petitioner had raised five grounds for relief in his request for a certiorari appeal following the state district court's denial of his motion to withdraw his plea. The court found that Petitioner had "waived" his first claim that his plea was not knowingly and voluntarily entered because he was never advised of the material consequences of required mandatory compliance with Oklahoma's sex offender registration law. The court based its finding of waiver on the fact that Petitioner had not asserted this claim in his motion to withdraw his plea. Reviewing the claim for "plain error only," the court found no plain error occurred.

With respect to Petitioner's second and third claims that his defense counsel provided constitutionally ineffective assistance, the court found that Petitioner's "defense counsel, at the withdrawal hearing, was not acting under an actual conflict of interest." The court further found that Petitioner had not shown his counsel's conduct was outside the wide range of professionally competent assistance, as required by Strickland v. Washington, 466 U.S. 668, 689 (1984), or that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, as required by Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Petition, att. 1, at 18. With respect to Petitioner's fourth claim requesting correction of the judgment and sentence, the court found that these "discrepancies in the record" did not affect the sentence imposed upon Petitioner and should be resolved by raising the issue in a proper motion in the state district court. Petition, att. 1, at 18. With respect to Petitioner's fifth and final claim of denial of a fair proceeding and a reliable outcome due to cumulative errors, the court found no individual errors existed and

therefore the claim had no merit.

Petitioner has attached to the Petition a copy of the transcript of his plea and sentencing proceeding conducted in the state district court on March 4, 2011. Petition, att. 2, at 1-10. Petitioner has also attached to the Petition a copy of the transcript of the hearing on his motion to withdraw his plea conducted in the state district court on March 18, 2011. Petition, att. 2, at 11-21.

Exhaustion of State Court Remedies

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See 28 U.S.C. §2254(b)(1)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State; or ... there is an absence of available state corrective process; or ... circumstances exist that render such process ineffective to protect the rights of the applicant."); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999)(quoting Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)).

In this case, Petitioner asserts that he exhausted his claim of ineffective assistance of defense counsel by raising the same claim in his certiorari appeal. However, Petitioner concedes that he has failed to exhaust his remaining claims for federal habeas relief. Assuming that Petitioner exhausted his claim of ineffective assistance of defense counsel by raising the same claim in his certiorari appeal, Petitioner has presented this Court with a "mixed" habeas petition containing both exhausted and unexhausted claims. Oklahoma has a well-established post-conviction procedure codified at Okla. Stat. tit. 22, § 1080-1089, which Petitioner has not pursued concerning his unexhausted claims.

Moreover, Petitioner has not demonstrated that "[f]urther state court proceedings would be futile." Bear v. Boone, 173 F.3d 782, 785 (10th Cir. 1999). In particular, Petitioner asserts a claim of ineffective assistance of appellate counsel, a claim that could not have been asserted in his certiorari appeal and is appropriately raised for the first time in a post-conviction application filed in the state courts.

Although this Court has the discretion to issue a stay in the instant matter pending Petitioner's exhaustion of state remedies, the Supreme Court has recognized that "[s]taying a federal habeas petition frustrates [the Antiterrorism and Effective Death Penalty Act's] objective of encouraging finality" and also "undermines [the Antiterrorism and Effective Death Penalty Act's] goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal habeas petition." Rhines v. Weber, 544 U.S. 269, 277 (2005). Thus, the "stay and abeyance" procedure recognized in Rhines "should be available only in limited circumstances" "when

the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. In this case, Petitioner filed his Petition only one month after the OCCA entered its decision in his certiorari appeal. Petitioner has not shown good cause for his failure to exhaust all of his claims in the state courts before filing the instant Petition.

Further, if Petitioner diligently pursues his unexhausted claims in the state courts, the dismissal of the instant Petition will not jeopardize the timeliness of a new federal habeas petition under 28 U.S.C. § 2244(d)(1). Under these circumstances, the one-year statute of limitation prescribed in 28 U.S.C. § 2244(d)(1) does not justify the issuance of a stay in this matter, and the Petition should be dismissed without prejudice to allow Petitioner the opportunity to pursue his state remedies concerning his unexhausted claims and file a new habeas petition after exhausting his available state court remedies. However, should Petitioner desire to file an amended petition in order to assert only the claim that he previously raised in his certiorari appeal before the OCCA, and which appears to be exhausted, Petitioner should be given the opportunity to file an amended petition raising only the exhausted claim.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE due to Petitioner's failure to fully exhaust state court remedies unless Petitioner files an amended petition including only his exhausted claim within twenty (20) days of this date. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk

of this Court by ____May 16th____ , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater,</u> 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___26th___ day of ___April___, 2012.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE