IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ALLAN HOFF, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-364-D |
| | ) |
| JUSTIN JONES, Director,[1] | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 6], issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Upon preliminary review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Judge Purcell recommends the dismissal without prejudice of the Petition for failure to exhaust state court remedies. Within the time period for objections, Petitioner has filed a Motion to Stay Court's Recommendation, which is construed as a written objection. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, who appears *pro se*, seeks a writ of habeas corpus with respect to a state court conviction of forcible sodomy and a 15-year prison sentence, imposed in accordance with a negotiated plea agreement. Judge Purcell finds that the Petition is, at best, a "mixed" habeas petition containing exhausted and unexhausted claims and that Petitioner should be required to pursue a post-

---

[1] The Court adopts the magistrate judge's substitution of the proper defendant, to which no objection is made.

conviction application in state court before seeking federal relief, unless Petitioner elects to amend the Petition and proceed with only his exhausted claim. In addition, Judge Purcell finds that the Court should not exercise its discretion to stay this proceeding pending Petitioner's pursuit of state court relief and that no timeliness issue will be presented if Petitioner diligently pursues his unexhausted claims in state court. Liberally construing Petitioner's *pro se* objection, the Court understands that he objects only to the latter conclusion that no stay of this action is warranted.[2]

Upon *de novo* consideration of this issue, the Court finds that Judge Purcell's analysis is entirely correct. A stay of this proceeding is not necessary to preserve Petitioner's right to later pursue federal habeas relief, should his state court application be unsuccessful. Because the Court cannot add significantly to Judge Purcell's discussion of why a stay is unwarranted, the Court adopts the Report and Recommendation as though fully set forth herein.

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v.*

---

[2] Review of all other issues addressed by Judge Purcell is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

2

*McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied. The denial shall be included in the judgment.

IT IS SO ORDERED this 29th day of May, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE